UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOUND PARTNERS OFFSHORE FUND, LP, HOUND PARTNERS LONG MASTER, LP, and HOUND PARTNERS CONCENTRATED MASTER, LP,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No.: 1:18-cv-00076-DLC<br><br>*Oral Argument Requested* |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEBORAH JORN'S
PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................................1

FACTS AS ALLEGED..................................................................................................................2

ARGUMENT.................................................................................................................................3

      I.        Plaintiffs' NJ RICO Claims Should Be Dismissed as to Ms. Jorn ..........................3

            A.       Plaintiffs Do Not Allege a Primary Violation of NJ RICO .........................3

            B.       Plaintiffs Do Not Allege Conspiracy to Commit Racketeering Activity ..................................................................................................5

            C.       Plaintiffs Do Not Allege Aiding and Abetting NJ RICO ............................6

      II.       Plaintiffs Fail to Plead the Reliance Necessary for Their Fraud and Negligent Misrepresentation Claims Against Ms. Jorn ............................................................7

CONCLUSION...............................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Albunio v. Int'l Safety Grp., Inc.*,
    15-CV-152 (VEC), 2016 WL 1267795 (S.D.N.Y. Mar. 30, 2016) ........................................5, 7

*In re Bear Stearns Cos. Sec., Derivative, and ERISA Litig.*,
    995 F. Supp. 2d 291 (S.D.N.Y. 2014), *aff'd sub nom.*
    *SRM Global Master Fund LP v. Bear Stearns Cos. L.L.C.*,
    829 F.3d 173 (2d Cir. 2016)................................................................................................. 8-9

*DeFalco v. Bernas,*
    244 F.3d 286 (2d Cir. 2001).........................................................................................................5

*Elsevier Inc. v. W.H.P.R., Inc.*,
    692 F. Supp. 2d 297 (S.D.N.Y. 2010).........................................................................................6

*Eurycleia Partners, LP v. Seward & Kissel, LLP*,
    12 N.Y.3d 553 (2009) ..................................................................................................................7

*Ford Motor Co. v. Edgewood Props., Inc.*,
    Civ. A. Nos. 06-1278, 06-4266 (HAA), 2009 WL 150951
    (D.N.J. Jan. 20, 2009) ..................................................................................................................4

*Ford Motor Co. v. Edgewood Props., Inc.*,
    Civil Action Nos. 06-1278 (ES), 06-4266, 08-774, 2012 WL 4172133
    (D.N.J. Aug. 31, 2012)................................................................................................................6

*Galicki v. New Jersey*,
    Civil Action No. 14-169 (JLL), 2016 WL 4950995 (D.N.J. Sept. 15, 2016) ...........................5

*Gregoris Motors v. Nissan Motor Corp. In USA,*
    630 F. Supp. 902 (E.D.N.Y. 1986) .............................................................................................4

*Inventory Recovery Corp. v. Gabriel*,
    Civ. No. 2:11-cv-01604 (WJM), 2012 WL 2990693 (D.N.J. July 20, 2012).......................7, 8

*J.A.O. Acquisition Corp. v. Stavitsky*,
    8 N.Y.3d 144 (2007) ....................................................................................................................8

*Katzman v. Victoria's Secret Catalogue*,
    167 F.R.D. 649 (S.D.N.Y. 1996), *aff'd*,
    113 F.3d 1229 (2d Cir. 1997).......................................................................................................4

*Kaufman v. i-Stat Corp.*,
    165 N.J. 94 (Sup. Ct. 2000) .........................................................................................................8

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   No. 11 MDL 2262 NRB, 2015 WL 6243526 (S.D.N.Y. Oct. 20, 2015) .................................4

*Miller v. P.G. Lewis & Assoc.*,
   Civil No. 05-5641(FLW), 2007 WL 316446 (D.N.J. Jan. 30, 2007).....................................6, 7

*N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.*,
   Civil Action No. 10-148 (SRC), 2012 WL 209349 (D.N.J. Jan. 24, 2012).............................8

*Nasik Breeding & Research Farm Ltd. v. Merck & Co.*,
   165 F. Supp. 2d 514 (S.D.N.Y. 2001)....................................................................................4

*Polycast Tech. Corp. v. Uniroyal, Inc.*,
   728 F. Supp. 926 (S.D.N.Y. 1989) ........................................................................................5

*In re Refco Inc. Sec. Litig.*,
   826 F. Supp. 2d 478 (S.D.N.Y. 2011)............................................................................. 3-4, 6

*Sec. Investor Prot. Corp. v. BDO Seidman, LLP*,
   222 F.3d 63 (2d Cir. 2000)....................................................................................................8

*State v. Cagno,*
   211 N.J. 488 (Sup. Ct. 2012) ................................................................................................4

*Stichting Pensioenfonds ABP v. Merck & Co.*,
   Civil Action No. 05-5060 (SRC), 2012 WL 3235783 (D.N.J. Aug. 1, 2012) .........................8

*Tarr v. Ciasulli*,
   181 N.J. 70 (Sup. Ct. 2004) ..................................................................................................7

*Worldwide Directories, S.A.de C.V. v. Yahoo! Inc.*,
   14-cv-7349 (AJN), 2016 WL 1298987 (S.D.N.Y. Mar. 31, 2016)...................................... 4-5

*Zaro Licensing, Inc. v. Cinmar, Inc.*,
   779 F. Supp. 276 (S.D.N.Y. 1991) .....................................................................................4, 8

**Statutes**

Securities Exchange Act of 1934 § 10(b),
   15 U.S.C. § 78j(b)................................................................................................................2

The Private Securities Litigation Reform Act of 1995 ("PSLRA"),
   15 U.S.C. § 78u-4 ................................................................................................................1

N.J. Stat. Ann. 2C:41-1(a) ..........................................................................................................4

N.J. Stat. Ann. 2C:41-2(c) ..........................................................................................................3

N.J. Stat. Ann. 2C:41-2(d) ..........................................................................................................3

**Procedural Rules**

Fed. R. Civ. P. 9(b) ...........................................................................................................1, 4

Fed. R. Civ. P. 12(b)(6)........................................................................................................1

**Rules & Regulations**

Fed. R. Civ. P. 9(b) ...........................................................................................................1, 4

Fed. R. Civ. P. 12(b)(6)........................................................................................................ 1

**Restatements**

Restatement (Second) of Torts § 876(b) (Am. Law Inst. 1979) .......................................6

Defendant Deborah Jorn respectfully submits this memorandum in support of her partial motion to dismiss *Hound Partners Offshore Fund, LP, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 1:18-cv-00076, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.  In addition, Ms. Jorn joins in, adopts and incorporates herein the arguments in the Memorandum of Law in Support of Certain Defendants' Partial Motions to Dismiss Plaintiffs' Complaint, dated March 6, 2018, filed by counsel for Valeant Pharmaceuticals International, Inc. ("Valeant" or the "Company"), *et al*. (the "Valeant Memorandum").

## PRELIMINARY STATEMENT

Plaintiffs' Complaint mentions Ms. Jorn in just six of its 575 paragraphs—three of which simply identify her position and dates of employment at Valeant—yet it purports to allege six counts against her, including violations under the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO").  The Complaint is a model of impermissible conclusory pleading as against Ms. Jorn; it does not even attempt to plead its very serious claims against her with the specificity required by law.

First, the NJ RICO claims are obviously deficient.  In the 27 pages devoted to describing the nature of the purported NJ RICO enterprise and its participants, the Complaint ***does not once mention Ms. Jorn***.  Either Plaintiffs simply forgot that they are asserting NJ RICO claims against Ms. Jorn as a "Management Defendant" or they realized that they have nothing to say to support the NJ RICO claims against her.  The only substantive—though also deficient—allegation made against Ms. Jorn in the entire Complaint is that she made false and misleading statements on a single conference call.  Statements on a single call cannot constitute a pattern of racketeering activity.

Additionally, Plaintiffs' other state law claims—claims for fraud and negligent misrepresentation—also fail. For these claims to survive a motion to dismiss, Plaintiffs must allege that they specifically relied on Ms. Jorn's statements. They have not done so.

Plaintiffs also allege a Section 10(b) claim against Ms. Jorn. While Ms. Jorn believes the Section 10(b) allegations against her to be insufficient as a matter of law, she does not here move to dismiss that claim in light of Judge Shipp's decision in the class action pending in the District of New Jersey in which he sustained a similar Section 10(b) claim against her at the pleadings stage.[1]

## FACTS AS ALLEGED[2]

Ms. Jorn worked at Valeant for a portion of the alleged "Relevant Period," serving as Executive Vice President, Company Group Chairman and general manager of Valeant's U.S. dermatology business. (Compl. ¶ 27.) The Complaint defines the "Relevant Period" as January 4, 2013 through March 14, 2016. (Compl. ¶ 1.) Ms. Jorn joined Valeant in August 2013, when her then-employer, Bausch & Lomb, was acquired by Valeant. (Compl. ¶ 27.) She left the Company on March 2, 2016. (Compl. ¶¶ 27; 374.)

Apart from the allegations describing her job title and dates of employment, the Complaint alleges only that:

■   Ms. Jorn made false and misleading statements (some of which are snippets of sentences) on a single conference call on May 28, 2014. (*See* Compl. ¶ 157.) The

---

[1] Ms. Jorn disagrees with Judge Shipp's decision and notes that this Complaint contains even fewer allegations that could fairly be construed to constitute allegations of Ms. Jorn's scienter with respect to the Section 10(b) claim. Plaintiffs' claims against Ms. Jorn are based on her title, her dates of employment and a reference to her in a single email.

[2] Ms. Jorn incorporates by reference the recitation of alleged facts in the Valeant Memorandum. The alleged facts set forth herein relate specifically to Ms. Jorn and are accepted as true solely for the purposes of this motion.

allegedly false and misleading statements related to patient access programs and market share, either generally or with regard to specific products. (Compl. ¶ 157.)

- Ms. Jorn was referenced in a March 9, 2015 email, in which Ari Kellen, a Valeant Executive Vice President, informs Valeant CEO J. Michael Pearson that he suggested to Ms. Jorn that all district managers should meet to "go over the practices in each district where Philidor is working well and identify next [approximately] 10 practices where we should push harder to build it out." (Compl. ¶ 355.) Plaintiffs' ostensible purpose of citing the email in the Complaint is to attempt to support Plaintiffs' allegation that *Mr. Pearson* (not Ms. Jorn) personally monitored and directed Philidor's business.

## ARGUMENT

### I.  PLAINTIFFS' NJ RICO CLAIMS SHOULD BE DISMISSED AS TO MS. JORN

Despite its failure to mention Ms. Jorn in the 27 pages of the Complaint detailing the purported racketeering enterprise (*see* Compl. ¶¶ 413–441.), the Complaint alleges three NJ RICO claims against Ms. Jorn: a count for a primary violation under N.J. Stat. Ann. 2C:41-2(c), one for conspiracy to commit racketeering under N.J. Stat. Ann. 2C:41-2(d), and one for aiding and abetting racketeering in violation of N.J. Stat. Ann. 2C:41-2(c) and (d). Each of these three claims fails.

#### A.  Plaintiffs Do Not Allege a Primary Violation of NJ RICO

First, Plaintiffs do not come close to alleging a primary NJ RICO violation against Ms. Jorn. In order to state a claim for a violation of NJ RICO, plaintiffs must plead the following five elements: (1) the existence of an enterprise; (2) that the enterprise engaged in or its activities affected trade or commerce; (3) that defendant was employed by, or associated with the enterprise; (4) that he or she participated in the conduct of the affairs of the enterprise; (5) that he or she participated through a pattern of racketeering activity. *In re Refco Inc. Sec. Litig.*,

826 F. Supp. 2d 478, 532 (S.D.N.Y. 2011) (quoting *Ford Motor Co. v. Edgewood Props., Inc.*, CIV. A. Nos. 06-1278, 06-4266 (HAA), 2009 WL 150951, at *10 (D.N.J. Jan. 20, 2009)).[3]

"Because the 'mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation'." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (alteration in original) (citation omitted)). A NJ RICO claim based on allegations of fraud, as this one is, must be pled according to the heightened pleading standard of Rule 9(b). *See, e.g., Nasik Breeding & Research Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514, 537 (S.D.N.Y. 2001).

Furthermore, the elements of a RICO violation "cannot be incorporated loosely from a previous narration, but must be tightly particularized and connected in a complaint." *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 284 (S.D.N.Y. 1991) (quoting *Gregoris Motors v. Nissan Motor Corp. In USA*, 630 F. Supp. 902, 913 (E.D.N.Y. 1986) (dismissing for failure to plead predicate acts and discussing how "RICO is a specialized statute requiring a particular configuration of elements"). Here, as noted above, Ms. Jorn is not even mentioned in the relevant section of the Complaint. And nowhere else in the Complaint do Plaintiffs sufficiently plead a "pattern of racketeering" committed by Ms. Jorn.[4] "Each element of a RICO violation, including a pattern of racketeering activity, must be plausibly alleged as to each defendant rather than simply to the enterprise as a whole." *Worldwide Directories, S. A. de C.V.*

---

[3] "[B]ecause ... New Jersey RICO is modeled upon its federal counterpart, it is appropriate to accept guidance from the federal RICO cases." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 6243526, at *97 (S.D.N.Y. Oct. 20, 2015) (second alteration in original) (quoting *State v. Cagno,* 211 N.J. 488, 399–400 (Sup. Ct. 2012)).

[4] Racketeering conduct is defined as "any of the following crimes" in a list provided in N.J. Stat. Ann. 2C:41-1(a), which includes fraud and securities fraud.

*v. Yahoo! Inc.*, 14-cv-7349 (AJN), 2016 WL 1298987, at *4 (S.D.N.Y. Mar. 31, 2016) (citing *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001)).[5]

The only fraudulent activity alleged anywhere in the Complaint as to Ms. Jorn is that she made allegedly false or misleading statements on a single conference call. (Compl. ¶ 157.) Thus, the NJ RICO claim should also be dismissed because "a single incident of racketeering activity does not constitute a 'pattern' for RICO purposes." *Albunio v. Int'l Safety Grp., Inc.*, 15-CV-152 (VEC), 2016 WL 1267795, at *6 n.10 (S.D.N.Y. Mar. 30, 2016) (dismissing RICO claim for failure to sufficiently plead predicate acts); *see also Polycast Tech. Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926, 945 (S.D.N.Y. 1989) (discussing how "a single set of misrepresentations" established only a single predicate act for RICO purposes); *Galicki v. New Jersey*, Civil Action No. 14-169 (JLL), 2016 WL 4950995, at *26 (D.N.J. Sept. 15, 2016) (holding that a RICO claim based on lane closures over a five-day period was not a pattern for RICO purposes and "Plaintiffs are improperly attempting to slice up a single, short-lived event in order to create a RICO cause of action.").[6]

### B. Plaintiffs Do Not Allege Conspiracy to Commit Racketeering Activity

Plaintiffs also fail to plead that Ms. Jorn conspired to violate NJ RICO. "[A] RICO conspiracy has two separate elements: [1] an agreement to violate RICO and [2] the existence of an enterprise. The agreement to violate RICO itself has two aspects. One involves the agreement proper, that is, [a] an agreement to conduct or participate in the conduct of the affairs of the enterprise. The other involves [b] an agreement to the commission of at least two

---

[5] As detailed in the Valeant Memorandum at 10-14, the Complaint also fails to sufficiently plead the existence of an enterprise.

[6] Even a single act that results in the violation of two laws—as Plaintiffs may argue Ms. Jorn's statements do—does not constitute two predicate acts. *See Polycast Tech. Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926, 945 (S.D.N.Y. 1989); *Worldwide Directories, S. A. v. Yahoo! Inc.*, 14-cv-7349 (AJN), 2016 WL 1298987, at *8 -9 (S.D.N.Y. Mar. 31, 2016) (sending draft opinions constitutes only one predicate act, even if the action violates two statutes).

5

predicate acts." *Ford Motor Co. v. Edgewood Props., Inc.*, Civil Action Nos. 06-1278 (ES), 06-4266, 08-774, 2012 WL 4172133, at *32 (D.N.J. Aug. 31, 2012) (alteration in original).

The Complaint merely recites the bare elements of the conspiracy claim, alleging that the members of the enterprise "agreed to facilitate the scheme described herein" and the "RICO Defendants personally committed or agreed to commit two or more. . . racketeering acts." (Compl. ¶¶ 568, 570.) As Judge Rakoff observed with respect to a NJ RICO conspiracy claim in the context of a securities fraud action: "If all that is required is a broad assertion that 'the defendants agreed,' then any kind of particularity requirement, even the lesser requirement of Rule 8, is essentially thrown out the window." *In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d at 540 (citation omitted); *see also Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 313 (S.D.N.Y. 2010) (dismissing a claim for conspiracy with a "conclusory allegation of an agreement among defendants" because "allegations may not be conclusory, but must set forth specific facts tending to show that each of the defendants entered into an agreement *to conduct the affairs of a particular, identified enterprise through a pattern of racketeering activity*") (emphasis in original).

### C. Plaintiffs Do Not Allege Aiding and Abetting NJ RICO

In order to sufficiently allege that a defendant aided and abetted a NJ RICO violation, a plaintiff must plead the existence of a wrongful act, the defendant's knowledge of the wrongful act and that the defendant gave substantial assistance or encouragement in the commission of the wrongful act. *See Miller v. P.G. Lewis & Assoc.,* Civil No. 05-5641(FLW), 2007 WL 316446, at * 6 (D.N.J. Jan. 30, 2007); *see also* Restatement (Second) of Torts § 876(b) (Am. Law Inst. 1979). The Complaint does not contain any allegations that Ms. Jorn knowingly and substantially participated in the alleged enterprise. Again, Ms. Jorn is not even mentioned in the section of the Complaint concerning the NJ RICO claims. Plaintiffs instead rely on

conclusory allegations that "[t]he RICO Defendants aided and abetted the [e]nterprise" and "willingly, and substantially participated in the [e]nterprise's fraudulent scheme." (Compl. ¶¶573, 574.) But these conclusory allegations are insufficient, as they fail to show how Ms. Jorn assisted the purported enterprise. *See Miller*, 2007 WL 316446, at *6 (failing to grant leave to amend complaint as to, *inter alia*, an aiding and abetting RICO claim because it would be futile where proposed amended complaint was "devoid of any evidence to show that 'assistance or encouragement' was given by [certain defendants] . . . , let alone 'substantial' assistance").[7]

## II. PLAINTIFFS FAIL TO PLEAD THE RELIANCE NECESSARY FOR THEIR FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS AGAINST MS. JORN[8]

Plaintiffs also allege state law causes of action against Ms. Jorn for common law fraud/fraudulent inducement and negligent misrepresentation. Both claims should be dismissed for failure to plead reliance on Ms. Jorn's statements.

Common law fraud in New Jersey or New York consists of a material misrepresentation of fact, made with knowledge of its falsity and with the intention that the other party rely on the misstatement, resulting in reasonable reliance by that party and damages. *Inventory Recovery Corp. v. Gabriel*, Civ. No. 2:11-cv-01604 (WJM), 2012 WL 2990693, at *3 (D.N.J. July 20, 2012); *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009). The elements of negligent misrepresentation are essentially the same as those of common law fraud, except scienter is not required for a negligent misrepresentation claim and a

---

[7] As detailed in the Valeant Memorandum at 14-15, Plaintiffs' NJ RICO conspiracy and aiding and abetting claims also fail because the Complaint does not sufficiently plead the existence of an enterprise. *See Albunio v. Int'l Safety Grp., Inc.*, 15-CV-152 (VEC), 2016 WL 1267795, at *7 (S.D.N.Y. Mar. 30, 2016) (federal RICO conspiracy claim fails when plaintiff has failed to plead a substantive RICO claim); *Tarr v. Ciasulli*, 181 N.J. 70, 84 (Sup. Ct. 2004) (an independent wrong must exist in order for a claim for aiding and abetting liability to proceed).
[8] Ms. Jorn does not take a position as to whether New Jersey or New York law applies to Plaintiffs' common law fraud and negligent misrepresentation claims because the relevant elements, and therefore result, are the same under either state's law.

duty to defendant is required.[9] *See Kaufman v. i-Stat Corp.*, 165 N.J. 94, 110 (Sup. Ct. 2000); *N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.*, Civil Action No. 10-148 (SRC), 2012 WL 209349, at *4 (D.N.J. Jan. 24, 2012); *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007).  Both claims must also be pled with particularity.  *See Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. at 286; *Inventory Recovery Corp.*, 2012 WL 2990693, at *6.

Plaintiffs make no reference to Ms. Jorn in their allegations related to these claims.  (Compl. ¶¶ 501–518.)  Instead, they merely make sweeping, generalized allegations and cross-reference previous paragraphs from the Complaint—a tactic this Court has expressly rejected.  *See Zaro Licensing, Inc.*, 779 F. Supp. at 284 ("[g]eneral reallegation of numerous earlier paragraphs with the intention of making out. . . state fraud . . .and other various state claims is not sufficient or proper".); (*see* Compl. ¶¶ 507, 516.)

Because the "fraud-on-the-market theory of reliance is not available . . . a plaintiff asserting a fraud or misrepresentation claim must allege that [it] in fact received and considered public statements made by a defendant and was deceived by those statements and/or omissions." *Stichting Pensioenfonds ABP v. Merck & Co*., Civil Action No. 05-5060 (SRC), 2012 WL 3235783, *17 n.11 (D.N.J. Aug. 1, 2012); *see Sec. Investor Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63,72 – 73 (2d Cir. 2000) (stating similar under New York law).  In other words, specific reliance is required to state a claim for fraud or negligent misrepresentation.  *See, e.g., Kaufman,* 165 N.J. at 109; *In re Bear Stearns Cos. Sec., Derivative, and ERISA Litig. ,* 995 F. Supp. 2d 291, 312 (S.D.N.Y. 2014) *aff'd sub nom. SRM Global Master Fund LP v. Bear Stearns*

---

[9] As detailed in the Valeant Memorandum at 23-25, Defendants, including Ms. Jorn, did not owe any duty to Plaintiffs.

*Cos. L.L.C.,* 829 F.3d 173 (2d Cir. 2016) (noting that "a plaintiff must allege with particularity that it actually relied upon the supposed misstatements.").

Plaintiffs rest their state law fraud claims on general, overbroad allegations of reliance—never referring to Ms. Jorn's *specific* statements and referring back to a reliance section that discusses fraud-on-the-market and mentions direct reliance only in relation to the statements of other defendants. (*See* Compl. ¶¶ 399–409.) Nowhere in the Complaint do Plaintiffs allege that they actually received, either directly or indirectly, considered or relied on Ms. Jorn's May 28, 2014 conference call statements in making any of their purchases.

## CONCLUSION

For all of the foregoing reasons, Count IV, Count V, Count IX, Count X, and Count XI should be dismissed, with prejudice, as to Deborah Jorn.

| | |
|---|---|
| Dated: New York, New York<br>March 6, 2018 | SCHULTE ROTH & ZABEL LLP<br><br>By: /s/ Barry A. Bohrer<br>　　Barry A. Bohrer<br>　　Michael L. Yaeger<br>　　Cara David<br>　　Carly J. Halpin<br><br>　　919 Third Avenue<br>　　New York, NY  10022<br>　　(212) 756-2000<br><br>*Attorneys for Defendant Deborah Jorn* |