**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOUND PARTNERS OFFSHORE FUND, LP, HOUND PARTNERS LONG MASTER, LP, and HOUND PARTNERS CONCENTRATED MASTER, LP, | |
| Plaintiffs, | Civil Action No. 1:18-cv-00076 |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., J. MICHAEL PEARSON, HOWARD B. SCHILLER, ROBERT L. ROSIELLO, DEBORAH JORN, ARI S. KELLEN, TANYA CARRO, ROBERT A. INGRAM, RONALD H. FARMER, COLLEEN GOGGINS, THEO MELAS-KYRIAZI, ANDERS LÖNNER, ROBERT N. POWER, NORMA PROVENCIO, KATHARINE B. STEVENSON, PRICEWATERHOUSECOOPERS LLP, DEUTSCHE BANK SECURITIES INC., HSBC SECURITIES (USA) INC., MUFG SECURITIES AMERICAS INC. f/k/a MITSUBISHI UFJ SECURITIES (USA) INC., DNB MARKETS INC., BARCLAYS CAPITAL INC., MORGAN STANLEY & CO. LLC, RBC CAPITAL MARKETS, LLC, and SUNTRUST ROBINSON HUMPHREY, INC., | |
| Defendants. | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ......................................................................................................... 1

I.     This Action "Might Have Been Brought" In The District Of New Jersey, Where Twenty-Seven Related Actions Are Pending ........................................ 1

II.    Transfer Will Be More Efficient Despite Plaintiffs' Pledge To Obstruct Coordination ................................................................................................ 5

III.   The Remaining Factors Uniformly Weigh In Favor Of Transfer ................... 6

      A.     Forum Shopping Defeats Deference ................................................6

      B.     Convenience Of The Witnesses Favors Transfer .............................7

      C.     Convenience Of The Parties Favors Transfer ...................................8

      D.     The Location Of The Documents Favors Transfer ............................8

      E.     The Facts Alleged In The Complaint Occurred In New Jersey .............................9

      F.     Potentially Unwilling Witnesses Are More Likely To Be Located Within 100 Miles Of The District Of New Jersey ...........................9

      G.     Plaintiffs Can Afford To Litigate In New Jersey.................................9

      H.     Judge Shipp Is More Familiar With The State Law Claims ................10

      CONCLUSION........................................................................................... 10

i

Case 1:18-cv-00076-DLC   Document 71   Filed 03/28/18   Page 3 of 17


<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Ahmed v. T.J. Maxx Corp.*,
   777 F. Supp. 2d 445 (E.D.N.Y. 2011) ...................................................................... 7

*Brown v. New York*,
   947 F. Supp. 2d 317 (E.D.N.Y. 2013) ...................................................................... 5

*Cont'l Grain Co. v. The FBL-585*,
   364 U.S. 19 (1960) ...................................................................................................... 2

*Crede CG III, Ltd. v. 22nd Century Grp., Inc.*,
   2017 WL 280818 (S.D.N.Y. Jan. 20, 2017) ............................................................. 4

*Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharm.
   Int'l, Inc.*,
   2018 WL 406046 (D.N.J. Jan. 12, 2018) ............................................................. 4, 6

*DISH Network, L.L.C. v. Am. Broad. Cos., Inc.*,
   2013 WL 1091318 (S.D.N.Y. Mar. 15, 2013) .......................................................... 8

*Erickson v. Corinthian Colleges, Inc.*,
   2013 WL 5493162 (S.D.N.Y. Oct. 1, 2013) ............................................................. 7

*Fernandez v. UBS AG*,
   222 F. Supp. 3d 358 (S.D.N.Y. 2016) ...................................................................... 4

*Fransway v. BAC Home Loan Servicing, LLP*,
   2014 WL 1383260 (S.D.N.Y. Apr. 2, 2014) ............................................................. 5

*Fuji Photo Film Co. v. Lexar Media, Inc.*,
   415 F. Supp. 2d 370 (S.D.N.Y. 2006) ...................................................................... 8

*Goggins v. Alliance Capital Mgmt., L.P.*,
   279 F. Supp. 2d at 233 (S.D.N.Y. 2003) .................................................................. 8

*Gokhberg v. The Pnc Fin. Servs. Grp., Inc.*,
   2015 WL 9302837 (S.D.N.Y. Dec. 21, 2015) .......................................................... 2

*Goldberg v. Bank of Am., N.A.*,
   846 F.3d 913 (7th Cir. 2017) ............................................................................... 2, 6

*Gross v. BBC*,
   386 F.3d 224 (2d Cir. 2004) ...................................................................................... 6

ii

*Hershman v. UnumProvident Corp.*,
   658 F. Supp. 2d 598 (S.D.N.Y. 2009) ............................................................... 6

*In re CenturyLink, Inc. Sec. Litig.*,
   2014 WL 1089116 (S.D.N.Y. Mar. 18, 2014) .................................................... 2

*In re Collins & Aikman Corp. Sec. Litig.*,
   438 F. Supp. 2d 392 (S.D.N.Y. 2006) ............................................................... 8

*In re Global Cash Access Holdings, Inc. Secs. Litig.*,
   2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ............................................... 7, 8

*In re Kingate Mgmt. Ltd. Litig.*,
   784 F.3d 128 (2d Cir. 2015) ............................................................................. 3

*In re Petrobras Sec. Litig.*,
   222 F. Supp. 3d 1345 (J.P.M.L. 2016) ............................................................. 6

*In re Stillwater Min. Co. Sec. Litig.*,
   2003 WL 21087953 (S.D.N.Y. May 12, 2003) ................................................. 9

*In re Worldcom, Inc. Sec. Litig.*,
   2003 WL 21219037 (S.D.N.Y. May 22, 2003) ................................................. 5

*In re WorldCom, Inc. Sec. Litig.*,
   308 F. Supp. 2d 236 (S.D.N.Y. 2004) ............................................................... 2

*Iragorri v. United Techs. Corp.*,
   274 F.3d 65 (2d Cir. 2001) ............................................................................... 6

*Kingdom 5-KR-41, Ltd. v. Star Cruises PLC.*,
   2004 WL 444554 (S.D.N.Y. Mar. 10, 2004) .................................................... 3

*LaSala v. Bank of Cyprus Pub. Co.*,
   510 F. Supp. 2d 246 (S.D.N.Y. 2007) ............................................................... 3

*Mag Jewelry Co. v. Cherokee, Inc.*,
   2004 WL 825588 (E.D.N.Y. Mar. 31, 2004) .................................................. 10

*Maverick Fund, L.D.C. v. Lender Processing Servs. Inc.*,
   2013 WL 6467889 (S.D.N.Y. Dec. 10, 2013) ........................................ 5, 6, 9, 10

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
   547 U.S. 71 (2006) ........................................................................................... 2

*Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*,
   2015 WL 6516787 (S.D.N.Y. Oct. 28, 2015) .................................................... 4

*Official Comm. of Asbestos Claimants of G-I Holding, Inc. v.*
  *Heyman,*
    306 B.R. 746 (S.D.N.Y. 2004) ............................................................. 6

*Patton Boggs LLP v. Chevron Corp.,*
    2012 WL 6568526 (D.N.J. Dec. 14, 2012) ........................................ 5

*Shutte v. Armco Steel Corp.,*
    431 F.2d 22 (3d Cir. 1970) .................................................................. 3

*Tianhai Lace USA Inc v. Forever 21, Inc.,*
    2017 WL 4712632 (S.D.N.Y. Sept. 27, 2017) ...................................... 9

*USHA (India), Ltd. v. Honeywell Int'l Inc.,*
    2004 WL 540441 (S.D.N.Y. Mar. 17, 2004) ........................................ 6

*Vanguard Int'l Equity Index Fund v. Petroleo Brasileiro S.A.-*
  *Petrobras,*
    2016 WL 10771126 (E.D. Pa. Apr. 29, 2016) .................................... 3

*Vanguard Specialized Funds v. VEREIT Inc.,*
    2016 WL 5858735 (D. Ariz. Oct. 3, 2016) .......................................... 3

*Winne v. Equitable Life Assurance Soc'y,*
    315 F. Supp. 2d 404 (S.D.N.Y. 2003) ................................................ 3

*Zbitnoff v. Nationstar Deed of Trust, LLC,*
    2016 WL 3926468 (S.D.N.Y. July 18, 2016) ...................................... 2

**Statutes**

28 U.S.C. § 1404(a) ................................................................ passim

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .......................................... 5

Federal Rule of Civil Procedure 12(b)(6) .......................................... 5

## PRELIMINARY STATEMENT

Plaintiffs do not dispute that (1) this action is substantially identical to twenty-seven cases[1] pending in the District of New Jersey and (2) that transfer promotes efficiency.  Plaintiffs' one real gambit is that transfer is unavailable because the transferee court may rule that some of Plaintiffs' claims are preempted by SLUSA.  But courts do not adjudicate transfer motions based on legal decisions reserved for a transferee court.  Additionally, a claim's susceptibility to dismissal is not a jurisdictional defect, and even if it were the plain language of § 1404(a) asks where an "*action . . . might have been brought*," not where every claim in the action might be sustained.  The District of New Jersey indisputably has jurisdiction over Plaintiffs' *action*.

Of the discretionary factors, efficiency is the most important and it would be substantially enhanced by transfer.  Plaintiffs' argument that adding one more case to the twenty-seven cases already before Judge Shipp will somehow disrupt his coordination efforts makes no sense.  Judge Shipp has already taken significant steps to coordinate existing *and future* opt-out actions.

The Opposition also highlights that Plaintiffs sacrificed any deference they might otherwise have been afforded by conceding that they are forum shopping.  Transfer and coordination will plainly reduce the burdens on the judiciary, the parties, and numerous nonparties.  Denial of transfer will result in waste and encourage tactical gamesmanship.

## ARGUMENT

### I.    This Action "Might Have Been Brought" In The District Of New Jersey, Where Twenty-Seven Related Actions Are Pending

Plaintiffs argue that this action cannot be transferred because "the District of New Jersey does not have subject matter jurisdiction over all of Plaintiffs' claims" since Judge Shipp may

---

[1] *See* App'x A; *Senzar Healthcare Master Fund v. Valeant Pharm. Int'l, Inc.*, 18-cv-2286 (D.N.J.) (Feb. 16, 2018).

dismiss state-law claims under SLUSA.  Opp. at 10-13.  There are several flaws with this
argument.

*First,* accepting Plaintiffs' position would enable opt-out plaintiffs to start satellite
litigations by alleging claims that would be SLUSA-preempted in the district where the related
class action is pending.  The Supreme Court rejected this sort of gamesmanship in *Cont'l Grain
Co. v. The FBL-585*, which affirmed the transfer of an action even though one claim could not
have been brought in the transferee court.  364 U.S. 19, 27 (1960).  The Court recognized that if
transfer was unavailable on this ground, "[a]ll a plaintiff would need to do to escape from
[transfer] entirely would be to bring [a claim not recognized in the transferee district]"—which
would result in the "wastefulness of time, energy and money that § 1404(a) was designed to
prevent."  *Id.* at 24-26. [2]

Plaintiffs' position would also frustrate the purpose of SLUSA, which, like § 1404(a),
was intended to avoid "wasteful, duplicative litigation" and avoid parallel proceedings in
different courts.  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 86 (2006);
*see also In re WorldCom, Inc. Sec. Litig.*, 308 F. Supp. 2d 236, 244 (S.D.N.Y. 2004) ("[C]ourts
in this circuit have consistently rejected plaintiffs' attempts through artful pleading to avoid the
clear precepts of SLUSA and its preemption of state law securities claims for damages.").
SLUSA in fact specifically contemplates that federal courts will exercise jurisdiction over state-
law causes of action for the *sole purpose* of dismissing those claims.  *See Goldberg v. Bank of
Am., N.A.*, 846 F.3d 913, 915 (7th Cir. 2017) ("SLUSA authorizes removal of [applicable state

---

[2] Tacitly recognizing that *Cont'l Grain* forecloses their argument, Plaintiffs seek to cabin that decision to admiralty
cases (Opp. at 10 n.2).  Nothing in *Cont'l Grain* supports such a narrow reading; it is regularly applied to § 1404
transfer motions unrelated to admiralty.  *See, e.g., Zbitnoff v. Nationstar Deed of Trust, LLC*, 2016 WL 3926468, at
*2 (S.D.N.Y. July 18, 2016); *Gokhberg v. The Pnc Fin. Servs. Grp., Inc.*, 2015 WL 9302837, at *2 (S.D.N.Y. Dec.
21, 2015); *In re CenturyLink, Inc. Sec. Litig.*, 2014 WL 1089116, at *2 (S.D.N.Y. Mar. 18, 2014).

law claims].  The statute also requires such state-law claims to be dismissed.").  Transfer under §

1404(a) does not require a different result.

The two cases Plaintiffs cite cannot be harmonized with SLUSA.  *Vanguard Specialized*

*Funds v. VEREIT Inc.*, 2016 WL 5858735, at *9 (D. Ariz. Oct. 3, 2016) did not acknowledge

that the very purpose of SLUSA is to dismiss state law claims, even when courts may otherwise

lack jurisdiction over them.  And *Vanguard Int'l Equity Index Fund v. Petroleo Brasileiro S.A.-*

*Petrobras*, 2016 WL 10771126 (E.D. Pa. Apr. 29, 2016) is a six-sentence summary order.

Moreover, both cases cited *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970) for the

proposition that plaintiffs must have an "unqualified right to bring the action in the transferee

district."  This reflects a misreading of *Shutte*, which explains that "unqualified right" means that

"the transferee court must have had power to command jurisdiction over all of the defendants."

*Id*.  The District of New Jersey unquestionably has such power, and is exercising it.[3]

*Second*, Courts in this District have recognized a distinction between SLUSA's removal

and preemption provisions, making clear that the preemption provision limits a plaintiff's ability

to *state a claim* rather than a court's *jurisdiction*:

> Preemption . . . appears in SLUSA in the form of both a jurisdictional provision and a
> failure to state a claim provision. . . . The case at bar was not *removed* from a state court
> to this Court.  Plaintiffs *initially* filed their complaint in this Court on the basis of
> diversity of citizenship.  In consequence, SLUSA is a preemption *defense*.

*LaSala v. Bank of Cyprus Pub. Co.*, 510 F. Supp. 2d 246, 254 (S.D.N.Y. 2007); *see also Winne v.*

*Equitable Life Assurance Soc'y*, 315 F. Supp. 2d 404, 409 (S.D.N.Y. 2003) (Lynch, J.).[4]  Indeed,

---

[3] The *Vanguard* cases are also inapposite because those courts were retaining claims under their own states' law.
Here, Plaintiffs only bring New Jersey state-law claims—which should be evaluated by a New Jersey court.

[4] When this Court has dismissed claims under SLUSA, it has not referenced subject matter jurisdiction.  *See, e.g.*
*Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*., 2004 WL 444554 (S.D.N.Y. Mar. 10, 2004).  Plaintiffs cite a Second
Circuit decision (Opp. at 12 n.4), but the jurisdictional "issue [was] not presented" in that case, *In re Kingate Mgmt.*
*Ltd. Litig.*, 784 F.3d 128, 135, n.9 (2d Cir. 2015), as district courts have recognized.  *See Fernandez v. UBS AG*, 222

3

Judge Shipp dismissed other plaintiffs' claims under SLUSA pursuant to Rule 12(b)(6), not 12(b)(1).  *See Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharm. Int'l, Inc.,* 2018 WL 406046, at *1, *5-6 (D.N.J. Jan. 12, 2018).

     *Third*, Plaintiffs ignore that § 1404(a) permits transfer to any district where that "*action . . .* might have been brought," without reference to individual claims.  Courts can have subject matter jurisdiction over an *action* without having subject matter jurisdiction over every *claim*.  Nor are Plaintiffs required to be afforded a jurisdiction where all of their claims will survive a motion to dismiss.  Indeed, this Court may dismiss some (or all) of Plaintiffs' claims.  In the actions where Judge Shipp dismissed state-law claims under SLUSA, the Court retains jurisdiction over the action.  Thus, this action "might have been brought" in New Jersey.

     Plaintiffs argue that a "transferee court must have subject matter jurisdiction over all of the claims in order to permit transfer."  Opp. at 10.  Plaintiffs' authorities say no such thing; they address motions to transfer when forum selection clauses govern some (but not all) claims.  They stand for the proposition that a court transfers the entire action, not individual claims, under § 1404.  *See, e.g., Crede CG III, Ltd. v. 22nd Century Grp., Inc*., 2017 WL 280818, *15-16 (S.D.N.Y. Jan. 20, 2017) (transferring action for improper venue after severing claims that were not subject to forum selection clause); *Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2015 WL 6516787, at *2-5 (S.D.N.Y. Oct. 28, 2015) (holding that a forum selection clause weighed against a transfer and "forgo[ing] th[e] analysis" of whether the case "might have been brought" in the transferee district).

     *Fourth and finally*, Plaintiffs' theory violates precedent holding that transferor courts do not weigh how transferee courts might resolve the claims.  *See Patton Boggs LLP v. Chevron*

---

F. Supp. 3d 358, 370 n. 7 (S.D.N.Y. 2016) (Opp. at 12) (acknowledging that "[c]ourts within the Second Circuit have debated whether SLUSA preclusion is" jurisdictional and describing *Kingate* as a "suggest[ion].").

*Corp.*, 2012 WL 6568526, at *2 (D.N.J. Dec. 14, 2012) ("Plaintiff has not cited a single case which requires this Court to consider how the [transferee court] will treat this matter upon transfer.").  Courts in this Circuit explicitly leave jurisdictional issues for the transferee court. *See, e.g., Fransway v. BAC Home Loan Servicing, LLP*, 2014 WL 1383260, at *2 (S.D.N.Y. Apr. 2, 2014) ("[n]otwithstanding Defendants' jurisdictional arguments," including a lack of subject matter jurisdiction, "Plaintiff might have brought this action in th[e transferee] district" because "jurisdiction and venue was proper at the time the action was filed"); *Brown v. New York*, 947 F. Supp. 2d 317, 322-323 (E.D.N.Y. 2013) (transferring action where transferee district had already dismissed claims for lack of subject matter jurisdiction in related actions).

## II.    Transfer Will Be More Efficient Despite Plaintiffs' Pledge To Obstruct Coordination

This Court and others have recognized that coordination among individual actions and related class actions is "essential" to avoid "inefficient and costly" proceedings and "unnecessary delay."  Defs' Br. at 14 (quoting *In re Worldcom*, *Inc. Sec. Litig.*, 2003 WL 21219037, at *3 (S.D.N.Y. May 22, 2003)); *see also Maverick Fund, L.D.C. v. Lender Processing Servs. Inc.*, 2013 WL 6467889, at *3 (S.D.N.Y. Dec. 10, 2013) (when an opt-out complaint "draws heavily on the class action complaint, it would be far more efficient for [the class action judge] to supervise th[e] related action as well").  Plaintiffs do not dispute that this action is nearly identical to the Class Action and twenty-six related opt-out cases.  Instead, Plaintiffs threaten "to oppose coordination if transferred to the District of New Jersey to preserve their state-law claims."  (Opp. at 14.)  If one party's pledge to be obstructionist could defeat transfer, § 1404(a) would be a dead letter.  Plaintiffs' threat is also moot.  Judge Shipp already rejected the argument that a party's resistance to "formal" coordination could preclude SLUSA's application, dismissing it as textually unfounded and "at odds with the parties' conduct and the Court's

handling of the cases." *Discovery Global*, 2018 WL 406046, at *6 (internal quotations omitted).[5]

When compared with the efficiencies that would result from transfer, Plaintiffs' caveated

assurances that if the case is not transferred they would "largely" coordinate with the related

actions ring hollow (especially given their avowed intent to resist coordination if they do not like

the result).  (Opp. at 14-15).[6]  At a minimum, Plaintiffs' position means duplicative proceedings

before two courts.

## III.    The Remaining Factors Uniformly Weigh In Favor Of Transfer

### A.    Forum Shopping Defeats Deference

As this Court has repeatedly held, any deference that would otherwise be afforded to a

plaintiff's chosen forum dissipates "to the extent that it was motivated by a tactical advantage."

*USHA (India), Ltd. v. Honeywell Int'l Inc.*, 2004 WL 540441, at *4 (S.D.N.Y. Mar. 17, 2004)

(Cote, J.) (citing *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 74 (2d Cir. 2001)).[7]  Plaintiffs

admit that they chose this district because "SLUSA . . . requires the dismissal of any 'covered'

action's common law claims" in the District of New Jersey.  (Opp. at 11.)  This is an admission

of forum shopping and, as such, strips Plaintiffs' choice of any deference.  *USHA (India)*, 2004

WL 540441, at *4; *see also Erickson v. Corinthian Colleges, Inc.*, 2013 WL 5493162, at *3

---

[5] Plaintiffs would not be able to refile their state law claims in state court (Opp. at 14 n.6) because SLUSA would permit the removal and dismissal of Plaintiffs' state law claims.  *See Goldberg*, 846 F.3d at 915.

[6] Plaintiffs' authorities discussing coordination between districts (Opp. 15) are inapposite.  *See, e.g., Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 306 B.R. 746, 752 (S.D.N.Y. 2004) (denying a § 1412 transfer where the transferee district action had no overlapping claims and thus was "not sufficiently related to realize significant gains in judicial efficiency"); *In re Petrobras Sec. Litig.*, 222 F. Supp. 3d 1345, 1346 (J.P.M.L. 2016) (denying transfer of opt-out action when the case was just filed, while in the transferee district the trial of the class action was imminent).  Here, the related actions feature identical claims and the same or very similar procedural postures, as well as a transferee venue where Defendants and the nexus of relevant facts are located.

[7] *See also Maverick Fund*, 2013 WL 6467889, at *2 ("The more it appears that the plaintiff's choice of . . . forum was motivated by forum-shopping reasons, the less deference the plaintiff's choice commands. . . .") (Cote. J). Plaintiffs' own cases confirm that forum shopping is entitled to no deference.  *See, e.g., Gross v. BBC*, 386 F.3d 224, 230 (2d Cir. 2004) (plaintiff's forum choice receives no deference if driven by "forum-shopping reasons"); *Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 601 (S.D.N.Y. 2009) ("the more it appears the [venue] decision is motivated by forum shopping reasons, the less deference will be accorded to it").

(S.D.N.Y. Oct. 1, 2013) ("[E]fforts to select one district to avoid or to obtain specific rulings of another district court should be disfavored and discouraged.").[8]

### B.     Convenience Of The Witnesses Favors Transfer

Defendants submitted the LaGorga Declaration (ECF 34), which explained that Valeant employees "responsible for preparing Valeant's Securities and Exchange Commission ('SEC') filings, press releases, and statements on earning calls referenced in the Complaint worked in the Bridgewater, New Jersey office."  (LaGorga Decl. ¶ 10).  It also identified likely witnesses and the likely subject of their testimony.  *See* LaGorga Decl. ¶ 11(a)-(c).  Plaintiffs pretend that Ms. LaGorga's declaration does not provide this information (Opp. at 16), then assert that it is insufficient anyway because they believe a single potential witness maintains an online profile *claiming* that she works in the "Greater New York City Area."  (Opp. at 17 & n.9).  Not only are these attacks on the LaGorga Declaration unpersuasive, they ignore case law crediting even "general assertion[s] that a substantial number of potential material witness reside [near the securities issuer's headquarters]."  *In re Global Cash Access Holdings, Inc. Secs. Litig.*, 2008 WL 4344531, at *4 (S.D.N.Y. Sept. 18, 2008); *see also* Defs' Br. at 16.  More fundamentally, Plaintiffs' *ipse dixit* that New York will be more convenient for other unnamed witnesses (employees of certain Defendants and securities analysts) (Opp. 17-18) ignores the fact that all of those witnesses will be testifying in the related twenty-seven actions in the District of New Jersey, something that "must[] be taken into account . . . when the denial of transfer would result in two pretrial discovery processes going forward simultaneously."  *Goggins v. Alliance Capital*

---

[8] Plaintiffs' choice of forum is not entitled to deference for the independent reason that Plaintiffs are Cayman, not New York entities.  Defs' Br. at 22.  Plaintiffs' assertion that New York is their "principal place of business" (Opp. at 24) appears nowhere in their Complaint, which instead says that they are Cayman entities "managed" by a non-party New York entity (Compl. ¶¶ 19-21.)  Regardless, "[c]ourts generally accord less deference to a plaintiff's choice of forum when the forum does not have a strong connection with the locus of operative facts."  *Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 451 (E.D.N.Y. 2011).

*Mgmt., L.P.*, 279 F. Supp. 2d at 233 (S.D.N.Y. 2003); *see also id.* (highlighting "the convenience of providing testimony in a single consolidated action").

### C.    Convenience Of The Parties Favors Transfer

Litigating in the District of New Jersey would clearly be more convenient for Defendants, where twenty-seven related actions involving some or all of the defendants are pending.  *Id.*; *DISH Network, L.L.C. v. Am. Broad. Cos., Inc.*, 2013 WL 1091318, at *3 (S.D.N.Y. Mar. 15, 2013).  Plaintiffs ask the Court to disregard this fact in contravention of relevant case law. *Global Cash*, 2008 WL 4344531, at *8.

Plaintiffs also argue that "Defendants completely neglect to consider the convenience of Plaintiffs." (Opp. at 19).  However, Plaintiffs are Cayman entities who "likely ha[ve] little testimony to offer as a mere purchaser and seller of [defendant's] securities; it is well known that trials in securities class actions focus almost entirely on the defendants' conduct." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396 (S.D.N.Y. 2006).  In any event, even if the action is transferred, the location of Plaintiffs' depositions—the only convenience factor Plaintiffs raise—can be New York.

### D.    The Location Of The Documents Favors Transfer

Plaintiffs do not dispute that Valeant's documents are in New Jersey, but only claim, incorrectly, that "[t]his factor does not weigh in favor of transfer." (Opp. at 20).  This court has recognized that "it is at least marginally more convenient to conduct this litigation in the district where most of the relevant documents are located." *In re Collins*, 438 F. Supp. 2d at 396–97. While the locations of the underwriters' and auditor's documents (Opp. at 20) need not be considered (because those defendants support this motion), those defendants will also be producing documents in certain of the New Jersey actions, which supports transfer. *See Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 374–75 (S.D.N.Y. 2006).

**E.     The Facts Alleged In The Complaint Occurred In New Jersey**

Plaintiffs concede "that the majority of the events giving rise to this action occurred in New Jersey."  (Opp. at 20.)  *Courts regularly transfer cases based on this fact alone.*  (Defs' Br. at 18-19).  Plaintiffs' assertions that two misrepresentations were allegedly "*received* by . . . Plaintiffs' investment manager in New York*", or that Plaintiffs' manager's "decisions were *typically* made" there  (Opp. at 20-21) are irrelevant.  *Tianhai Lace USA Inc v. Forever 21, Inc*., 2017 WL 4712632 at *5 (S.D.N.Y. Sept. 27, 2017) ("If the locus of injury rendered a forum a locus of operative fact, then this factor would collapse into the Plaintiff's choice of forum.").[9]

**F.     Potentially Unwilling Witnesses Are More Likely To Be Located Within 100 Miles Of The District Of New Jersey**

Plaintiffs do not dispute that two "relevant nonparties" are in Pennsylvania.  Indeed, these non-parties are critical to the case and are featured prominently in the complaint.  Both have resisted subpoenas in the Securities Class Action and both are headquartered near the limits of this Court's 100-mile reach.  Thus, contrary to Plaintiffs' argument (Opp. at 21-22), this factor favors transfer to eliminate any concerns about the ability to compel the attendance of relevant witnesses.  *See In re Stillwater Min. Co. Sec. Litig.*, 2003 WL 21087953, at *5 (S.D.N.Y. May 12, 2003) ("[A]lthough [defendants] do not specify whether any witnesses would be unwilling or unable to attend trial in New York, this *potential* difficulty would be substantially reduced if the case were tried in [the securities issuer's home district].")

**G.     Plaintiffs Can Afford To Litigate In New Jersey**

Plaintiffs concede that they are "very substantial business[es] . . . able to afford litigation" in New Jersey."  *Maverick Fund*, 2013 WL 6467889, at *3; *see also* Defs' Br. at 21; Opp. at 22.

---

[9] Plaintiffs' observation that Gary Tanner and Andrew Davenport's trial will take place in New York is a non sequitur; the trial itself is not part of the "operative facts" of Plaintiffs' case.

**H.      Judge Shipp Is More Familiar With The State Law Claims**

The § 1404(a) analysis considers the respective courts' "familiarity with the governing law" including their familiarity with related cases. *Mag Jewelry Co. v. Cherokee, Inc.*, 2004 WL 825588, at *5 (E.D.N.Y. Mar. 31, 2004).  Plaintiffs wrongly imply that this factor is merely an inquiry into the Court's general competence.  (Opp. at 22).  Here, Judge Shipp has overseen related claims for nearly two and a half years, and has already begun adjudicating identical claims based on identical factual allegations. *See Maverick Fund*, 2013 WL 6467889, at *3 ("While both this Court and [the transferee court] can be expected to be familiar with federal securities law and the law of our forum states, [the transferee court] has spent three years acquiring familiarity with the allegations regarding the specific fraud at issue here.  This Court has none.").

## CONCLUSION

For all the reasons set forth above, and in the opening memorandum, this action should be transferred to the District of New Jersey.

10

Dated: March 28, 2018

**SIMPSON THACHER & BARTLETT LLP**

*/s/ Paul C. Curnin*

Paul C. Curnin
Craig S. Waldman
Daniel J. Stujenske
Dean McGee
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000

*Counsel for Defendants Valeant
Pharmaceuticals International, Inc., Robert
L. Rosiello, Ari S. Kellen, Ronald H. Farmer,
Colleen Goggins, Robert A. Ingram, Anders
Lönner, Theo Melas- Kyriazi, Robert N.
Power, Norma Provencio and Katharine
B. Stevenson*

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

Richard A. Rosen
1285 Avenue of the Americas
New York, NY 10019
Tel:  (212) 373-3305

*Counsel for Defendants Deutsche Bank
Securities, Inc., HSBC Securities (USA) Inc.,
MUFG Securities Americas Inc., DNB
Markets Inc., Barclays Capital Inc., Morgan
Stanley & Co. LLC, RBC Capital Markets,
LLC, and Suntrust Robinson Humphrey, Inc.*

**KING & SPALDING LLP**

James J. Capra
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100

Kenneth Y. Turnbull (admitted *pro hac vice*)
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 737-0500

*Counsel for Defendant
PricewaterhouseCoopers LLP*

**SCHULTE ROTH & ZABEL LLP**

Cara David
Barry A. Bohrer
Michael L. Yaeger
919 Third Avenue
New York, NY 10022
Tel: (212) 756-2000

*Counsel for Defendant Deborah Jorn*

**WINSTON & STRAWN LLP**

Melissa Steedle Bogad
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700

*Counsel for Defendant Howard B. Schiller*

**COOLEY LLP**

William J. Schwartz
Laura G. Birger
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 479-6000

*Counsel for Defendant Tanya Carro*

**DEBEVOISE & PLIMPTON LLP**

Holly S. Wintermute
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000

Jonathan R. Tuttle
Ada F. Johnson
801 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-8000

*Counsel for Defendant J. Michael Pearson*